# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **SHERRI ALLRED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 19-cv-00910 (APM)** |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Sherri Allred, proceeding pro se, initially brought this action in the Superior Court of the District of Columbia in February 2019 challenging the denial of her Social Security benefits. *See* Errata to Def.'s Notice of Removal, ECF No. 3, Compl., ECF No. 3-1 [hereinafter Compl.], at 4; Def.'s Notice of Removal, ECF No. 1, at 1. Defendant Social Security Administration removed to this court in April 2019. *See* Def.'s Notice of Removal. Defendant now moves to dismiss, contending that Plaintiff has not exhausted her administrative remedies as there has been no "final decision after a hearing," and thus the court lacks subject matter jurisdiction to hear the case. Def.'s Mot. to Dismiss, ECF No. 6 [hereinafter Def.'s Mot.], at 2. Plaintiff has not filed a response, nor has she requested additional time to do so. Therefore, the court finds that she has conceded the Commissioner's documented facts. *Cf. Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015) (holding that, on a motion for summary judgment when no opposition brief is filed, the district court may treat the movant's factual assertions as conceded).

The Social Security Act authorizes judicial review of a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party[.]" 42 U.S.C. § 405(g).

The Commission's regulations require a claimant to complete a four-step administrative review process to secure a judicially reviewable "final decision . . . after a hearing." *See Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). *See also* 20 C.F.R. § 416.1400(a). Here, Plaintiff did not complete all four steps. Plaintiff received a decision that she was not entitled to benefits and requested reconsideration, after which the initial determination was affirmed. Def.'s Mot. at 1. Plaintiff then requested a hearing, was twice notified of the hearing date, and failed to appear. *Id*. at 2; *see also* Def.'s Mot., Decl. of Michael Sampson, ECF No. 6-1, at 3. Based on her failure to appear, she was issued a notice of dismissal, which included instructions for filing an appeal. Def.'s Mot. at 2. Plaintiff filed no appeal. *Id*. Accordingly, the court has before it no "final decision . . . after a hearing" to review. This court therefore lacks subject matter jurisdiction to hear the case.

For the foregoing reasons, Defendant's Motion to Dismiss is granted. A separate final order accompanies this Memorandum Opinion.

Dated: June 14, 2019

Amit P. Mehta
United States District Court Judge